**Cora L. HAMPTON, Plaintiff–Appellant,**

v.

**John E. POTTER, Postmaster General,\* United States Postal Service, Defendants–Appellees.**

**No. 01–16315.**

**D.C. No. CV–00–02529–SI.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002 \*\*.

Decided July 29, 2002.

Before BROWING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM \*\*\*

Cora L. Hampton appeals the district court's summary judgment for the Postal Service in her Rehabilitation Act action alleging employment discrimination based on disability. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo and affirm. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

Fed. R.App. P. 34(a)(2). Accordingly, Hampton's request for oral argument is denied.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Hampton contends that the district court erred by granting summary judgment on her claim that the Postal Service was required to engage in the interactive process after Hampton requested a reasonable accommodation for clocking in on March 26, 1999. This contention lacks merit. The Postal Service's obligation to engage in the interactive process was not triggered on March 26, 1999 because the record indicates that Hampton did not request an accommodation. *See Brown v. Lucky Stores*, 246 F.3d 1182, 1188 (9th Cir.2001) (citation omitted). The record also indicates that Hampton's disability did not prevent her from requesting an accommodation. *See id.* It is undisputed that Hampton requested other accommodations on previous occasions and the Postal Service provided them. *See id.*

The district court did not abuse its discretion in denying Hampton's request for further discovery because she failed to "submit affidavits setting forth the particular facts expected from further discovery." *See State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998); Fed.R.Civ.P. 56(f).

AFFIRMED.